Marvin Marless **BILBREY**,
Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defend-
ant in Error.

No. A–14171.

Court of Criminal Appeals of Oklahoma.
July 24, 1968.

Red Ivy, Chickasha, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for de-
fendant in error.

Carroll Samara and John C. Monk, Jr., Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Presiding Judge:

Marvin Marless Bilbrey, hereinafter referred to as the defendant, was charged by information with the crime of Grand Larceny, After Former Conviction of a Felony. He was tried before a jury who found defendant guilty, and assessed his punishment at Two Years in the penitentiary.

Defendant lodged his appeal before this Court within the time allowed by law asserting two contentions of error.

Defendant's first contention involves the trial judge permitting the county attorney to cross-examine defendant as to details of a former conviction. In the instant case the defendant was charged, along with a co-defendant, Burl Wayne Stotts.

During the cross-examination of defendant, the county attorney asked defendant questions as follows:

"BY MR. TRIMBLE:

Q. Mr. Bilbrey, how long had you known Burl Wayne Stotts?

A. I knew Burl Wayne Stotts several years. Say ten.

Q. Say ten years?

A. Ten or twelve years, something like that.

Q. And Mr. Bilbrey, where did you meet him?

BY MR. SAMARA: We object as being incompetent, irrelevant, immaterial.

BY THE COURT: Overruled.

A. I met him in Oklahoma City.

Q. And did you have any business transactions with him prior to the time that—well, have you ever had any business transactions with him?

BY MR. SAMARA: Preston, we had better approach the bench."

Thereupon, defense counsel made his objection, which was overruled by the Court. The cross-examination continued:

"Q. Have you ever had any business transactions with Burl Wayne Stotts prior to this—well, have you ever had any business transactions with Burl Wayne Stotts?

A. No, sir.

Q. Mr. Bilbrey, you testified that you were convicted in case number 24582 in the District Court of Oklahoma County, and sentenced to the State Penitentiary on the 13th day of March, 1958. Was there a co-defendant in that case?

BY MR. SAMARA: Just a minute. The defendant objects to any further reference to that conviction, and for the reason that there has been further reference to the same moves the Court to grant him a mistrial.

BY THE COURT: Overruled. Question is: Was there a co-defendant?

A. Yes, sir.

Q. (By Mr. Trimble) And who was that co-defendant?

A. Burl Stotts.

Q. Well, you have had some business transactions with him in the past?

BY MR. SAMARA: I object to that as being argumentative. I don't know whether that's business or not, if your Honor please.

BY THE COURT: Sustained."

There is little doubt that this method of emphasizing a former conviction is improper.

It is obvious that the county attorney's purpose in asking defendant these questions was to leave the impression with the jury that defendant and his co-defendant had been guilty of operating together before in an act of burglary. This Court has often held that the Habitual Criminal Act, Title 21, O.S.1951, § 51, was designed solely for the purpose of enhancing the punishment of those convicted of a felony after having been previously convicted of a penitentiary offense. Providing for increased punishment in such cases was its only purpose. A former conviction charged in an information can only be considered for the purpose of assessing the punishment in case the jury should find defendant guilty of the offense charged. It is not to be considered in determining the guilt or innocence of the defendant. See, Cordray v. State, Okl.Cr., 268 P.2d 316; Rice v. State, 93 Okl.Cr. 86, 225 P.2d 186; Solomon v. State, 79 Okl.Cr. 93, 151 P.2d 944.

The courts must exercise great care in confining the consideration of former convictions to the purpose for which they are permitted under the above authorities. This is especially true in view of the great danger of prejudice that inevitably exists by virtue of allegations as to other convictions. Though the validity of the Habitual Criminal Act has been questioned by a bombardment of attacks, it has been consistently upheld. Regardless, it would show utter lack of reasoning to contend that proof of former convictions is not detrimental to defendant's cause and your writer would not be so naive as to say it was not prejudicial in most instances.

Though this Court does not condone this improper conduct and has consistently condemned such methods, we cannot feel defendant in the instant case was prejudiced thereby. It is to be observed that the jury completely ignored the previous conviction, and assessed defendant's punishment at Two Years—as if he had been charged as a first offender. If the jury had considered the "After Former Conviction", he could have received Ten Years in the penitentiary; and as a first offender, he could have received Five Years. Since he only received Two Years, it is difficult to say he was prejudiced by the State's inquiry relative to defendant's previous conviction.

We have examined the record closely and do not feel there is sufficient merit to defendant's contention relative to the argument of the county attorney to discuss it further.

It appears from the record, that, as a result of defendant having excellent counsel and a well-prepared defense, he got off with a fairly light sentence.

The Judgment and Sentence of the trial court is therefore, affirmed.

BRETT, J., concurs.